FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 2 8 2005

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TONY W. STEPHENS, INMATE NO. 597813, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:05-CV-2713-MHS |
| CHRISTOPHER HUMMER; PAUL HOWARD; and RANDY HANZLICK, Defendants. | : : : : : | |

## ORDER

Plaintiff has filed the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S.

AO 72A
(Rev.8/82)

893 (1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading a Section 1983 action, some factual detail is necessary . . ."), cert. denied, 507 U.S. 987 (1993).

II.  Discussion

Plaintiff has named Christopher Hummer, Administrator of South Fulton Hospital, Paul Howard, the District Attorney for Fulton County, and Randy

2

Hanzlick, the Medical Examiner for Fulton County, as Defendants. Plaintiff alleges that Defendants have refused to provide him with the medical records of Frank Isabell. In particular, Plaintiff seeks x-rays showing the bullet that killed Mr. Isabell. The database for the Georgia Department of Corrections shows that Plaintiff was convicted of murder and aggravated assault in the Superior Court of Fulton County, and he is serving a life sentence for these crimes. (www.dcor.state.ga.us).

Plaintiff alleges that Defendants' failure to provide these medical records is violating his rights under the Equal Protection Clause. Plaintiff does not attempt to explain how being denied this medical information violates the Constitution. Plaintiff also asserts that the Freedom of Information Act ("FOIA") and the Georgia Open Records Act require Defendants to provide Plaintiff with Mr. Isabell's medical records.

Plaintiff asks this Court to order Defendants to release the aforementioned medical records. Plaintiff also seeks money damages.

Plaintiff previously filed an action in which he asked this Court to order his trial court to return an x-ray showing the bullet of lodged in Mr. Isabell. See Stephens v. Bonner, Civil Action No. 1:03-CV-3191-MHS. This Court dismissed

3

that action because Plaintiff's request was in the nature of mandamus, and a federal court does not have authority to issue writs of mandamus against state officials. Id. at Doc. 3.

Perhaps in an effort to find that this Court has authority to order the release of the medical records, Plaintiff asserts that Defendants have violated the FOIA. However, the FOIA only applies to "agencies of the executive branch of the federal government." Unites States v. McVeigh, 918 F. Supp. 1452, 1457 (W.D. Ok. 1996); see also 5 U.S.C. § 552. These Defendants are, therefore, not subject to the requirements of the FOIA.

The Georgia Open Records Act is, of course, a state law. A civil action brought under § 1983 must show a violation of federal law. Pursuant to 28 U.S.C. § 1367, this Court may invoke its supplemental jurisdiction to review matters of state law when there is also a federal question at issue. However, as will be shown below, Plaintiff has not alleged a non-frivolous claim that any federal law has been violated. Thus, it would be inappropriate for this Court to exercise its supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3).

Plaintiff has made the conclusory assertion that Defendants have violated his rights under the Equal Protection Clause. Plaintiff is required to support this

legal conclusion with factual allegations which, if proven, would demonstrate that a federal law has been violated. Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts). Thus, Plaintiff's equal protection claim should be dismissed under § 1915A. As Plaintiff has not asserted any other basis for awarding money damages, his request for compensation should be denied.

The remainder of Plaintiff's complaint is a request for mandamus relief. As this Court indicated in Plaintiff's previous action, federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no general power to issue writs of mandamus against State officials. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (5th Cir.), cert. denied, 454 U.S. 1126 (1981). Thus, this Court lacks the authority to order Defendants to release the medical records of Mr. Isabell.

5

In summary, this Court finds that Plaintiff has not alleged a claim for relief that is cognizable under § 1983. Accordingly, this action should be dismissed.

III. Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 26th day of Oct, 2005.

MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)